IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 5 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CHARLES CROWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-432-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

On August 17, 2010, United States Magistrate Judge Jeffrey Cureton issued his proposed findings and conclusions and his recommendation in the above-referenced case. His recommendation is that the decision of defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"), that plaintiff, Charles Crowell, "is not entitled to a period of disability or disability insurance benefits under the Social Security Act, 42 U.S.C. § 416(i) and 423,"[1] be affirmed. On September 7, 2010, plaintiff filed objections to Judge Cureton's proposed findings and conclusions and recommendation. After a thorough study of those objections, Judge Cureton's proposed findings and

---

[1] The quoted language is from the decision of the administrative law judge, Tr. at 24, which became the final decision of the Commissioner, id. at 8.

conclusions, and applicable authorities, the court has decided to accept Judge Cureton's recommendation.

Plaintiff has two complaints with the decision of the administrative law judge ("ALJ") the became the final decision of the Commissioner. His first complaint is that the ALJ failed to apply the appropriate legal standard in determining whether his depression met the second-step[2] severity requirement. Plaintiff notes the rulings of the United States Court of Appeals for the Fifth Circuit in Stone v. Heckler, 752 F.2d 1099, 1106 (5th Cir. 1985), that there is an assumption that the ALJ applied an

---

[2]The Commissioner uses a five-step process to determine whether a claimant has a "disability" as that term is used in the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The five-step process was correctly described by Judge Cureton as follows:

> First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985), cited in Loza v. Apfel, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. Id. §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. Id. §§ 404.1520(f), 416.920(f); Crowley v. Apfel, 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. Crowley, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. Id.

FC&R at 2-3. The description contained in this footnote will define what is meant when reference is made to one of the steps in the analysis.

2

incorrect standard at step two unless the correct standard is set forth by reference to the Stone opinion or another of the same effect, or by an express statement that the construction the Fifth Circuit gave in Stone was used, and that "[u]nless the correct standard is used, the case must be remanded to the Secretary for reconsideration." Id.

In his findings, conclusions, and recommendation, Judge Cureton observed that the ALJ in this case did not refer to the Stone opinion or another Fifth Circuit opinion of the same effect in determining whether plaintiff's depression was a severe impairment. Nonetheless, Judge Cureton concluded that reversal and remand pursuant to Stone is not required because the record supports the conclusion that the ALJ applied the correct standard. Judge Cureton determined that the ALJ applied the correct standard because the ALJ analyzed plaintiff's depression using the "special technique" set forth in 20 C.F.R. § 404.1520a, and found that plaintiff had only mild impairment in the four functional areas set forth in that regulation.

While the court is inclined to agree with Judge Cureton's conclusion that the ALJ applied the correct standard notwithstanding his failure to cite to Stone or any similar opinion, the court need not adopt Judge Cureton's proposed findings on that subject. Even if the ALJ did not apply the

3

correct standard in determining whether plaintiff's depression is severe, such an error does not require reversal and remand in this case because the ALJ found that plaintiff has other impairments that are severe and proceeded to the remaining steps of the five-step analysis. In other words, the ALJ's determination that plaintiff is not entitled to disability benefits did not turn on whether plaintiff's depression is severe "but on whether [the claimant] could return to his past relevant work--an inquiry unaffected by the test set forth in Stone." Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987). Thus, the court concludes that plaintiff's first point of error is without merit.

Plaintiff's second complaint with the ALJ's decision is that the ALJ failed to consider testimony given by plaintiff's wife at the October 10, 2000, hearing in determining the weight to be given to plaintiff's subjective complaints. He contends that such failure harmed him because his wife's statements at such hearing "tend to corroborate his subjective complaints and could have formed the basis for a decision that the impairments were more limiting than stated in the ALJ's findings." Pl.'s Br. at 6.

Judge Cureton, after reviewing the comments made by plaintiff's wife at the October 10, 2000, hearing, determined

that the ALJ's failure to consider such comments was harmless because there is no indication that such comments would have made a difference in the ALJ's decision. The court agrees and adopts Judge Cureton's findings and conclusions with respect to plaintiff's second point of error.

Therefore,

The court ORDERS that the decision of the Commissioner be, and is hereby, affirmed.

SIGNED April 5, 2011.

_____
JOHN McBRYDE
United States District Judge